Duane C. Musfelt, Lewis, D'Amato, Brisbois, & Bisgaard, San Francisco, Cal., for plaintiff.

James Blake, Morrison & Foerster, San Francisco, Cal., for defendant.

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

v.

## FURTH, FAHNER, BLUEMLE & MASON, Defendant.

### No. C-82-5115 SC.

United States District Court, N.D. California.

Feb. 25, 1983.

## ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS

CONTI, District Judge.

Plaintiff brought this action for declaratory relief against a San Francisco law firm to which it had issued a policy of insurance, alleging that it has no obligation to defend or indemnify its insured in *GHD Associates, Inc. v. Frederick P. Furth, Inc. et al.,* Civil Action No. 796803, currently pending in the Superior Court of the State of California for the City and County of San Francisco. Defendant then filed counterclaims for declaratory relief, breach of contract, breach

of covenant of good faith and fair dealing, and breach of fiduciary duty, and sought to recover its attorneys' fees in this action as compensatory damages for plaintiff's alleged breach of its covenant of good faith and fair dealing. This matter is now before the court on plaintiff's motion for judgment on the pleadings striking defendant's prayer for attorneys' fees. For the reasons set forth below, the motion will be denied.

■ Under California law, attorneys' fees are not recoverable by a prevailing party absent an agreement between the parties or a statute allowing such recovery. Cal.Code Civ.P. § 1021. A prevailing party on a cause of action sounding in tort, however, can recover damages for all detriment "proximately caused" by that tort. Cal.Civil Code § 3333. An insurer's breach of its covenant of good faith and fair dealing is both a breach of contract and a tort. *Johansen v. California State Auto. Assn. Inter-Ins. Bureau*, 15 Cal.3d 9, 18, 123 Cal. Rptr. 288, 538 P.2d 744 (1975); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 574, 108 Cal.Rptr. 480, 510 P.2d 1032 (1974). Therefore, if the cost of establishing an insurer's breach of its covenant of good faith and fair dealing in court constitutes detriment "proximately caused" by that breach, defendant may recover its attorneys' fees in this action as compensatory damages should it prevail on its counterclaim and prove that plaintiff has committed such a breach.

■ Although the cost of establishing the commission of a tort in court is generally not considered detriment proximately caused by the tort, the court finds that the general rule would not apply in this case. When the underlying contract that gives rise to the covenant of good faith and fair dealing includes a promise to defend the promisee in court, as does the contract at issue in this case, the cost of establishing a bad faith breach of that promise would be a proximate result of that breach because the promisee has had to twice incur precisely the type of cost that the promisor had agreed to protect the promisee against. The cost of establishing a tort is in other cases not nearly so related to the underlying harm caused by the tort. Thus the costs of establishing a tort would in those

cases not be proximately caused by the tort, because it would be unfair to hold a tortfeasor liable for attorneys' fees when he has not voluntarily undertaken the good faith obligation to pay that type of cost.

Although one California Court of Appeal has refused to award attorneys' fees in similar circumstances, *see Austero v. Washington Nat. Ins. Co.*, 132 Cal.App.3d 408, 182 Cal.Rptr. 919 (1982), that court did not specifically reject the reasoning set forth above. Moreover, the California Supreme Court has recently granted a petition for hearing in a similar case in which another California Court of Appeal allowed the recovery of such attorneys' fees. *See Mello v. Occidental Life Ins. Co.*, 137 Cal.App.3d 510, 187 Cal.Rptr. 168 (1982). Thus to the extent that the California Courts of Appeal are in conflict on this question, the conflict should soon be authoritatively resolved. Until that time, and in light of this court's finding that the costs of establishing a breach of an insurer's covenant of good faith and fair dealing is appropriate in certain circumstances under California law, striking defendant's prayer for attorneys' fees would be improper. Thus plaintiff's motion for judgment on the pleadings will be denied.

In accordance with the foregoing, it is hereby ordered that plaintiff's motion for judgment on the pleadings be denied.