PREFERRED MUTUAL INSURANCE COMPANY *vs.* JAMES G. GAMACHE & another.[1]

Bristol. September 4, 1997. - November 7, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Insurance,* Homeowner's insurance, Construction of policy, Insurer's obligation to defend. *Contract,* Insurance. *Practice, Civil,* Declaratory proceeding, Attorney's fees.

Discussion of other jurisdictions' treatment of the recovery of attorney's fees and expenses in civil cases in which an insurer has unjustifiably refused to defend its insured and the insured has incurred such fees and costs in successfully establishing the insurer's duty to defend the insured. [96-98]
This court held, as an exception to the traditional rule regarding attorney's fees and expenses, that an insured under a homeowner's policy is entitled to the reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the policy. [98]

CIVIL ACTION commenced in the Superior Court Department on August 20, 1993.

The case was heard by *Charles J. Hely,* J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Edward L. Kirby, Jr. (Dina B. Browne* with him) for the plaintiff.

*J. Michael Conley* for Henry P. Andrade, Jr.

*Raymond A. Letourneau* for James G. Gamache.

GREANEY, J. In this declaratory judgment action, summary judgment entered in the Superior Court declaring that the plaintiff, Preferred Mutual Insurance Company (Preferred), had no duty under its homeowner's policy either to defend or to indemnify its insured, the defendant James G. Gamache, in connection with a tort action for damages brought by a police officer, Henry P. Andrade, Jr., who was injured when Gamache resisted arrest. The Appeals Court concluded that (1) Preferred

[1]Henry P. Andrade, Jr.

had a duty to defend Gamache in the action brought by Andrade and had violated that duty, and (2) a genuine issue of material fact existed as to Gamache's intent which required further proceedings in the Superior Court to decide whether Preferred should indemnify Gamache for damages awarded Andrade. 42 Mass. App. Ct. 194, 203 (1997). As a result of these conclusions, the Appeals Court vacated the judgment entered in the Superior Court and remanded the case for further proceedings. We granted Preferred's application for further appellate review. We are in general agreement with the Appeals Court opinion and conclude that summary judgment is inappropriate.

1. The factual and procedural background of the case is set forth in the Appeals Court opinion, *id.* at 195-197, and need not be repeated here. The dispositive issue is the construction to be given to the exclusion in the policy of coverage for "bodily injury . . . which results directly or indirectly from . . . an intentional act of an insured." The Appeals Court correctly considered our decisions construing the term "accident," *id.* at 197-198, and the principle that exclusions from insurance coverage and ambiguities in a policy are to be strictly construed against an insurer. *Id.* at 198-200. The Appeals Court properly concluded that the intentional act exclusion in Preferred's policy required a showing that, when resisting arrest, Gamache had intended to cause harm, *id.* at 199-200; that, in refusing to defend Gamache, Preferred had violated its duty to defend, *id.* at 201-203; and that factual issues remain to be resolved as to Preferred's duty to indemnify. *Id.* at 200. We also agree that the broad interpretation urged by Preferred — to the effect that the exclusion bars any accident resulting from a volitional act of the insured irrespective of the insured's intent to cause injury — lacks any limiting principle and would logically tend to negate coverage in a substantial number of, if not all, accidents. The correct controlling principle has been explained by one authority as follows: "It is only the intended injuries flowing from an intentional act that are excluded; just as it is the injury and not the legal liability of the insured which must have been caused by accident; and a homeowners policy covers bodily injury from unintended results of an intentional act but not for an injury which was intended." 7A J.A. Appleman, Insurance Law and Practice § 4492.02, at 32 (rev. ed. 1979).

We note two other points. First, courts that have considered intentional act exclusions similar to Preferred's have decided, as we do, that it is the insured's intent to cause the resulting injury

that is of consequence in deciding whether the exclusion applies. See *German Mut. Ins. Co.* v. *Yeager*, 554 N.W.2d 116, 117 (Minn. Ct. App. 1996); *Cooperative Fire Ins. Ass'n of Vt.* v. *Bizon*, 693 A.2d 722, 724-727 (Vt. 1997). Second, insurers can deal with the problem created by cases like this one by drafting appropriately worded exclusions for injuries to a third party resulting from an insured's intentional torts or criminal acts. See, e.g., *Allstate Ins. Co.* v. *Sowers*, 97 Or. App. 658, 660 (1989) (injuries sustained by third party when insured resisted arrest excluded under a provision denying coverage for the insured's "criminal acts").

2. After Preferred's refusal, Gamache, at his own expense, defended Andrade's action. Gamache requested in the Superior Court that he recover his reasonable attorney's fees and expenses in that action, and he renewed this request in the Appeals Court and in this court. The Appeals Court opinion does not discuss this issue. Preferred's unjustified refusal to defend under its policy makes it liable to Gamache for the expenses to which he was put by reason of having to retain his own counsel in the action brought by Andrade. See *Polaroid Corp.* v. *Travelers Indem. Co.*, 414 Mass. 747, 762 (1993); *Berke Moore Co., Inc.* v. *Lumbermens Mut. Cas. Co.*, 345 Mass. 66, 72 (1962). See also 7C J.A. Appleman, Insurance Law and Practice § 4691, at 240 (rev. ed. 1979). Preferred could have avoided this cost by undertaking the defense pursuant to a reservation of rights.

The Appeals Court also did not address Gamache's timely request for payment of his reasonable attorney's fees and expenses in connection with responding to the declaratory judgment action.[2] The usual rule in Massachusetts is to prohibit successful litigants from recovering their attorney's fees and expenses except in a very limited class of cases. This rule is known as the "American Rule." See *Waldman* v. *American Honda Motor Co.*, 413 Mass. 320, 321-323 (1992). Our traditional approach has been to prohibit recovery of attorney's fees and expenses in a civil case in the absence of either an agreement between the parties, or a statute or rule to the contrary, and this principle has been applied to deny recovery of attorney's fees and expenses in declaratory judgment actions. See *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70-72 (1977); *Wachusett Regional Sch. Dist. Comm.* v. *Erickson*, 354 Mass. 768 (1968).

---

[2]Preferred did not address either of Gamache's requests for attorney's fees and expenses in the summary judgment papers it submitted to the Superior Court, or in the briefs it filed with the Appeals Court and this court.

Several jurisdictions have a statute or rule pursuant to which
courts have awarded insureds their attorney's fees and expenses
in declaratory judgment actions to establish an insurer's duty to
defend. See, e.g., *Maryland Cas. Co.* v. *Turner,* 235 Ark. 718,
723 (1962); *Dixie Farms, Inc.* v. *Hertz Corp.,* 343 So. 2d 633,
635 (Fla. Dist. Ct. App. 1977); *Casey* v. *State Farm Mut. Auto.
Ins. Co.,* 464 N.W.2d 736, 739 (Minn. Ct. App. 1991); *State
Farm Fire & Cas. Co.* v. *Muth,* 190 Neb. 248, 255-256 (1973);
*State Farm Fire & Cas. Co.* v. *Sigman,* 508 N.W.2d 323, 327
(N.D. 1993); *American Economy Ins. Co.* v. *Commons,* 26 Or.
App. 153, 159 (1976).

In the absence of a statute, rule or agreement, some courts
apply the traditional rule to deny recovery of attorney's fees
and expenses in these actions, unless there is a showing that the
insurer has acted in bad faith or fraudulently, or has been stub-
bornly litigious. See, e.g., *Murphy* v. *Cincinnati Ins. Co.,* 576 F.
Supp. 542, 543-544 (E.D. Mich. 1983), aff'd, 772 F.2d 273 (6th
Cir. 1985); *National Union Fire Ins. Co.* v. *Furth, Fahner,
Bluemle & Mason,* 558 F. Supp. 94, 95 (N.D. Cal. 1983); *Kelmo
Enters., Inc.* v. *Commercial Union Ins. Co.,* 285 Pa. Super. 13,
24 (1981); *American States Ins. Co., W. Pac. Div.* v. *Walker,* 26
Utah 2d 161, 164-165 (1971).

Other courts, however, state that a "special relationship" ex-
ists between an insurer and an insured under a homeowner's or
similar type of insurance policy which should permit an insured
to recover attorney's fees and expenses incurred in establishing
the insurer's duty to defend. See *Gibson* v. *Farm Family Mut.
Ins. Co.,* 673 A.2d 1350, 1354-1355 (Me. 1996). These cases
are based on the well-established principle that " 'the liability
insurer's duty of defense is so extensive and the burden on the
insured of a breach of that duty is likely to be so heavy . . . the
insurer should not enjoy the usual freedom to litigate without
concern about the possibility of having to pay the [insured's] at-
torneys' fees.' " *Id.* at 1354, quoting *Union Mut. Fire Ins. Co.*
v. *Topsham,* 441 A.2d 1012, 1019 (Me. 1982).

In addition, the decisions that have denied attorney's fees and
expenses, except for bad faith or vexacious litigation on the part
of the insurer, have been criticized as unsound or unfair. "After
all, the insurer had contracted to defend the insured, and it
failed to do so. It guessed wrong as to its duty, and should be com-
pelled to bear the consequences thereof. If the rule laid down
by these courts should be followed by other authorities, it would
actually amount to permitting the insurer to do by indirection

that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above." 7C J.A. Appleman, *supra* at § 4691, at 283.

The better reasoned decisions allow an insured, in a case such as this involving a dispute between an insurer and an insured under a homeowner's policy, to recover reasonable attorney's fees and expenses where the insurer refuses to defend, and its obligation to do so is subsequently established.[3] See, e.g., *Nolt* v. *United States Fid. & Guar. Co.*, 329 Md. 52, 66-67 (1993); *Sykes* v. *Midwestern Indem. Co.*, 38 Ohio Misc. 64, 69-70 (1973); *Hegler* v. *Gulf Ins. Co.*, 270 S.C. 548, 551 (1978); *Aetna Cas. & Sur. Co.* v. *Pitrolo*, 176 W. Va. 190, 194-195 (1986). Cf. *Grasso* v. *Country-Wide Ins. Co.*, 132 A.D.2d 451, 452 (N.Y. 1986) (insured entitled to recover attorney's fees and expenses incurred in defending declaratory judgment action, but not in prosecuting such action). This rule is acknowledged to be a deviation from the general rule denying these costs. As the Court of Appeals of Maryland has stated: "exceptions are quite rare under Maryland common law to the general rule that counsel fees" are not recoverable by the prevailing party, and "[t]he principal exception is for counsel fees incurred by an insured in successful litigation with a liability insurer which denied coverage or a duty to defend." *Hess Constr. Co.* v. *Board of Educ. of Prince George's County*, 341 Md. 155, 160 (1996).

---

[3]In *Liberty Mut. Ins. Co.* v. *Continental Cas. Co.*, 771 F.2d 579, 587 (1st Cir. 1985), the United States Court of Appeals for the First Circuit attempted to predict how this court would resolve the issue whether an excess insurer, which had defended two actions brought against the insured upon the primary insurer's refusal to defend, was entitled to recover reasonable attorney's fees attributable to defending a declaratory judgment action brought by the primary insurer to determine its obligations under the policy. The court ruled that the excess insurer was not entitled to recover the reasonable attorney's fees attributable to defending the declaratory judgment action in view of our "restrictive view" on the allowance of attorney's fees "both in general terms . . . and specifically with regard to declaratory judgment actions." *Id.* However we would rule in that case, which involved two insurers, we do not believe the principles relied on by the court are applicable to an insured who prevails in a declaratory judgment action to determine the insurer's obligations under a homeowner's policy.

Cf. *Collier* v. *MD-Individual Practice Ass'n*, 327 Md. 1, 17 (1992) (refusing to extend exception to health insurers).

We hold, as an exception to our traditional rule disallowing attorney's fees and expenses, that an insured under a homeowner's policy, like Gamache, is entitled to the reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the policy.

3. The declaratory judgment is vacated. There are to be further proceedings in the Superior Court to determine whether Preferred has a duty to indemnify Gamache. After those proceedings, a new judgment is to enter declaring the parties' rights on the indemnification issue and declaring further that Preferred has violated its duty to defend and is responsible for Gamache's reasonable attorney's fees and expenses (in an amount to be decided in the Superior Court) for defending the action brought by Andrade and for responding to the declaratory judgment action.

*So ordered.*