Doerfer, J.
Findings and Rulings were entered in this matter on March 14, 2000 [12 Mass. L. Rptr. 405] and judgment entered thereon on July 24, 2000. The defendant now moves under Mass.R.Civ.P. 52 and 59 for amended findings and judgment on attorneys fees, and to amend or vacate findings on presumptive disability.
Motion for amended findings and judgment on attorneys fees.
For the reasons spelled out in the decision on March 14, 2000, the court declines to amend its findings and judgment. The issue was fully considered by the court in connection with it’s the findings and rulings in this case. The court is still of the opinion that the exception carved out by the Supreme Judicial Court in Preferred Mutual Ins. Co. v. Gamache, 426 Mass. 93 (1997), and expanded in Rubenstein v. Royal Insurance Co. of America, 429 Mass: 355 (1999), does not extend to the facts of this case.
Motion to amend or vacate finding on presumptive disability issue.
The court declines to amend or vacate its finding on presumptive disability. The issue was placed before the court for a factual determination and the court is not persuaded to change its finding. The evidence presented showed that Baneiji does not have total and permanent loss in the use of “one hand and one foot” as required to qualify as a “presumptive disability” under paragraph 5.1 of Hancock’s policy.
III. Costs
Defendant shall be awarded his statutory costs as the prevailing party in this matter.