GREAT NORTHERN INSURANCE COMPANY as subrogee of National Grange Mutual Insurance Company, CNA Commercial Insurance Company as subrogee of Group Benefit Strategies, and National Grange Mutual Insurance Company, Plaintiffs,

v.

PAINO ASSOCIATES, and Massachusetts Turnpike Authority, Defendants/Third–Party Plaintiffs,

v.

Caliber One Indemnity Co., Third–Party Defendant,

v.

Transcore, Inc., Defendant/Third–Party Defendant/Fourth–Party Plaintiff,

v.

Manpower, Inc., Fourth–Party Defendant.

Civil Action No. 02–12126–WGY.

United States District Court, D. Massachusetts.

Oct. 23, 2006.

Sally A. Vander Weele, Law Offices of Thomas M. Niarchos, Boston, MA, for Consolidated Plaintiff.

James P. Cullen, Jr., Jonathan Hurwitz, Joseph F. Rich, Cozen & O'Connor, Philadelphia, PA, Patrick J. Loftus, III, Law Offices of Patrick Loftus, Boston, MA, for Plaintiffs.

John C. Barker, John Racicot, Paul Michienzie, Richard A. Sawin, Jr., Michienzie & Sawin, LLC, Erica L. Silverman, Joseph H. Aronson, Michael J. McCormack, The McCormack Firm, LLC, Boston, MA, for Defendants/Third–Party Plaintiffs.

Matthew C. Oleyer, Richard B. Kirby, Keegan, Werlin & Pabian, LLP, Boston, MA, for Defendant/Third–Party Defendant/Fourth–Party Plaintiff.

Michael J. Grace, Edward F. Whitesell, Jr., Adler, Pollock & Sheehan, PC, Boston, MA, for Fourth–Party Defendant.

*MEMORANDUM AND ORDER*

YOUNG, District Judge

## I. INTRODUCTION

A detailed description of the facts underlying this case and the procedural history prior to this motion can be found in Judge Keeton's opinions of April 13, 2005 [Doc. No. 137] ("April Op.") and May 18, 2005 [Doc. No. 139] ("May Op."). It is adequate here to describe the procedural posture and facts most immediately relevant to this motion.

### A. Procedural Posture

This case arises from the substantial destruction by arson of a building in Auburn, Massachusetts. April Op. at 7. The Massachusetts Turnpike Authority ("MTA") was a defendant in the original action [Doc. No. 1] and brought third-party complaints against Caliber One Indemnity Company ("Caliber One") alleging a duty to indemnify and to defend as an insurer [Doc. No. 24] and Transcore, Inc. ("Transcore") for breach of a contractual obligation to indemnify and defend [Doc. No. 9]. The original plaintiffs have resolved their claims with all parties [Doc. No. 158].

The remaining issue is the motion by the MTA for entry of judgment against Caliber One and Transcore for attorneys' fees and expenses. *See* Sept. 14, 2005 Mem. and Order Den. MTA's Mot. for Entry of J. by J. Keeton [Doc. No. 147] ("Original Den.") at 6. On September 14, 2005, the MTA's motion for entry of judgment was denied without prejudice because all related claims of the original action had not been resolved. *Id.* All claims have now been resolved, and the MTA renews its motion. MTA Mem. in Supp. of Mot. for Entry of J. [Doc. No. 155] ("MTA Mem.") at 2.

On July 12, 2006, the case was transferred to this Court. At hearing on September 14, 2006, this Court allowed the MTA's motion against Caliber One; this Memorandum and Order addresses the MTA's motion against Transcore.

## B. Facts

Transcore was employed by the MTA as an independent contractor at the location of the Auburn fire. May Op. at 8. The contract between Transcore and the MTA contained an indemnification provision that stated:

> [Transcore] shall indemnify, defend and hold harmless the Authority ... from and against any and all liability, claims, causes of actions, suits, losses, damages, and expenses, fees and costs, including attorneys' fees, ... arising out of or resulting from any intentional acts, negligent acts, errors or omissions, or fault of [Transcore] or its employees, subcontractors or agents in the provision and performance of [the agreed duties].

Transcore's Opp'n to Mot. For Entry of J. [Doc. No. 156] ("Transcore Opp'n") Ex. B, ¶ 16a. Judge Keeton held that the MTA's liability in this case stemmed from acts covered by this indemnification provision and that Transcore had a contractual obligation to indemnify and defend. May Op. at 20.[1] The MTA seeks $134,349.46 in attorneys' fees and expenses, including those incurred seeking to enforce its right of defense and indemnity against both Caliber One and Transcore. MTA Mem. at 2.[2]

## II. DISCUSSION

### A. Transcore, as a Commercial Indemnitor, Does Not Qualify Under the Insurer Exception to the American Rule

■ Attorneys' fees and expenses are generally not awarded to successful litigants in the absence of an express statutory or contractual provision. *Waldman v. American Honda Motor Co.*, 413 Mass. 320, 321–23, 597 N.E.2d 404 (1992). This is termed the "American Rule." *Id.*

■ The MTA draws the Court's attention to a narrow exception to the American Rule recognized by Massachusetts courts. MTA Mem. at 2. Under this exception, an insured party may be awarded those costs incurred seeking to enforce the insurer's obligation to defend. *Rubenstein v. Royal Ins. Co. of America*, 429 Mass. 355, 357–60, 708 N.E.2d 639 (1999); *Preferred Mut. Ins. Co. v. Gamache*, 426 Mass. 93, 97, 686 N.E.2d 989 (1997). Under Massachusetts law, the exception neither requires that the insurer act in bad faith, nor that the action for declaratory judgment be initiated by the insured party. *See Hanover Ins. Co. v. Golden*, 436 Mass. 584, 587, 766 N.E.2d 838 (2002) (declaring origin of action irrelevant); *Rubenstein*, 429 Mass. at 359–60, 708 N.E.2d 639 (holding that bad faith is not required).

Transcore argues, however, that it is not an insurer as contemplated by this exception and should not, therefore, have to pay fees and expenses—in accordance with the baseline American Rule. Transcore Opp'n at 4.[3] Transcore observes correctly that

---

**1.** Judge Keeton also held that Caliber One had a duty to defend and to indemnify as the MTA's insurer. *Id.* at 19.

**2.** Both Caliber One and Transcore raise issues regarding the accuracy and reasonableness of the MTA's fee request and supporting exhib-

its. These issues are not addressed in this Memorandum and Order.

**3.** Transcore does not challenge the award of fees and expenses pursuant to the contract for the MTA's defense against claims by third-parties.

the cases recognizing the exception under Massachusetts law have concerned insurers only. *Id.* at 4; *see also, e.g., Hanover,* 436 Mass. at 587, 766 N.E.2d 838; *Rubenstein,* 429 Mass. at 359–60, 708 N.E.2d 639; *Gamache,* 426 Mass. at 97, 686 N.E.2d 989. Transcore contends that a defend-and-indemnify clause as part of a larger commercial contract does not render Transcore an insurer to whom the exception would apply. *Id.* at 2–4.

One stated rationale for the insurer exception is that to hold otherwise would allow the insurer to "deprive its insured of the principal benefit of the contractual bargain, and for which the insured paid premiums." An insured bargains for and seeks defense and indemnification as a result of her own potential liability. *Rubenstein,* 429 Mass. at 358, 708 N.E.2d 639. This is consistent with the other rationale of the insurer exception—that the insurer and insured have a "special relationship" that the insurer should not be allowed to abuse. *See id.; Gamache,* 426 Mass. at 96, 686 N.E.2d 989. An insured seeks to reap the benefit of its contractual bargain when it pursues a declaratory judgment to enforce an obligation to defend and to indemnify. As stated by the Supreme Judicial Court, without the recovery of such fees, "the insured is actually no better off financially than if he had never" purchased insurance. *Gamache,* 426 Mass. at 97, 686 N.E.2d 989.

### B. Massachusetts' Exception for Insurers Does Not Extend to Indemnitors

The general rule with respect to indemnification agreements is that the indemnitor is not liable for fees and expenses incurred to enforce the obligation to defend and to indemnify. *See Federal Deposit Ins. Corp. v. Fedders Air Conditioning, USA, Inc.,* 821 F.Supp. 50, 56

(D.Mass.1993) (Keeton, J.), *rev'd on other grounds,* 35 F.3d 18 (1st Cir.1994); *In Re Dvorak,* 176 B.R. 929, 934–35 (Bankr. D.Kan.1994); 41 Am.Jur.2d *Indemnity* § 30 (2006); *but see Allen v. Standard Oil Co.,* 2 Ohio St.3d 122, 443 N.E.2d 497, 500 (1982) (extending the insurer exception to indemnification agreements). This particular issue, however, has not been clearly settled by Massachusetts courts. *Compare Petit v. Basf Corp.,* No. Civ.A. 96–1814A, 2001 WL 410358, at *3–4 (Mass.Super.2001) (Toomey, J.) (interpreting agreement, in the absence of express language otherwise, to apply only to fees and costs incurred in the underlying action), and *Shan Industries, LLC v. Tyco Int'l (US), Inc.,* No. Civ. 04–1018(HAA), 2005 WL 3263866, at *7–8 (D.N.J.2005) (interpreting *Fedders* and *Petit* as declaring no indemnitor exception in Massachusetts), *with Agulnick v. American Hosp. Supply Corp.,* 507 F.Supp. 135, 138 (D.Mass.1981) (Caffrey, C.J.) (reading the agreement broadly to compel payment of fees by indemnitor for enforcement action), *and Hill v. Samuel Cabot, Inc.,* 51 Mass.App.Ct. 1102, 742 N.E.2d 1123 (2001) (unpublished opinion) (citing *Agulnick*). Under these circumstances, this Court must try to predict how a Massachusetts court would rule. *In Re Garran,* 338 F.3d 1, 6 (1st Cir.2003).

Transcore relies primarily on *Fedders.* Transcore Opp'n at 2–3. In *Fedders,* the district court held that an indemnification agreement must be interpreted in light of the general rule that fees incurred in the enforcement of the agreement are not recoverable. 821 F.Supp. at 56–57 (determining attorneys' fees inappropriate against this backdrop). Transcore overlooks the fact that the court in *Fedders* was applying Illinois law, confirming that there is a majority rule against an indemnitee's exception to the American Rule but saying nothing definitive about Massachusetts law. *Id.* at 56. *But cf. Shan Indus-*

*tries,* 2005 WL 3263866, at *7 (claiming *Fedders* court "underscores the fact that the law governing indemnification provisions ... is the same in Illinois and Massachusetts.").

Transcore also proffers *Petit* in support of its argument. Transcore Opp'n at 3. *Petit* holds that fees and costs are only recoverable by an indemnitee where the indemnity agreement so expressly provides. *Petit,* 2001 WL 410358, at *3. *Accord Shan Industries,* 2005 WL 3263866, at *7–*8. The agreement in *Petit* covered "any and all liability, damage, loss, cost, *expense (including attorneys' fees)* ... arising out of the performance or nonperformance by [the indemnitor] of its duties...." *Petit,* 2001 WL 410358, at *1 (emphasis added). The court held that this language was not sufficiently explicit to overcome a presumption against recovery of fees incurred by an indemnitee in an enforcement action. *Id.* at *4.

An earlier case in this District, *Agulnick,* also relied on the language of the agreement but reached a different result. The *Agulnick* court, however, did not address the American Rule or any presumption regarding indemnitors. The court rested its conclusion solely on the broad language of the agreement, holding that the intent of the agreement was such that the indemnitor would pay indemnitee's fees incurred in enforcement of its right to defense. *Agulnick,* 507 F.Supp. at 137–38; *accord Hill,* 51 Mass.App.Ct. at 1102 (citing *Agulnick*). The agreement in *Agulnick,* like the agreement in *Petit,* stated that the indemnitor would pay expenses including court costs and attorneys' fees arising out of any breach by the indemnitor. *Id.* at 137.

The analysis in *Petit,* accommodating the presumption against an indemnitees'

award of fees, is better founded in existing law. The insurer exception is based on the narrow set of facts surrounding an insurer-insured relationship, which is not perfectly congruent to the commercial indemnification relationship. An indemnification provision in a commercial agreement is merely a protective device to ensure that the indemnitee will not be subject to *undue* liability stemming from the indemnitor's actions arising out of the commercial relationship. Consequently, analysis of an indemnification agreement ought take into account the presumption against fee shifting, thus requiring an express provision for such fees and expenses before they may be awarded.

Here, the agreement between the MTA and Transcore states, "[Transcore] shall indemnify, defend and hold harmless the [MTA] ... from and against any and all liability, claims, causes of actions, suits, losses, damages, and expenses, fees and costs, including attorneys' fees ... arising out of or resulting from any intentional acts, negligent acts, errors or omissions, or fault of [Transcore]...." Transcore Opp'n, Ex. B, ¶ 16a. The agreement in question does not overcome a presumption against fee-shifting nor does it convert Transcore from a commercial indemnitor into a liability insurer. This Court therefore holds that the contract in the instant case cannot be read to include an agreement to pay fees and expenses incurred in pursuit of a declaratory judgment.

## C. CONCLUSION

Accordingly, the MTA's Motion for Entry of Judgment for Fees and Expenses from Transcore, Inc. [Docket No. 155] is DENIED as to its expenses incurred in its action seeking to enforce a right of indemnification[4] but ALLOWED as to its fees

---

4. Due to the unsettled state of Massachusetts

law, upon proper application the Court will

and expenses incurred in the defense of third-party claims.

During the motion hearing, all counsel expressed confidence that, upon resolution of the pending motions, they could work out the actual amount of attorneys' fees due and owing. Accordingly, counsel have 60 days from the date of this order to prepare a form of judgment. This case shall be administratively closed in the interim.

SO ORDERED.

consider certifying this issue to the Supreme Judicial Court of Massachusetts for a defini-

tive resolution, pursuant to its Rule 1:03.