DAVID SPIRITO *vs.* HYSTER NEW ENGLAND, INC., & another.[1] No. 06-P-816. September 6, 2007. *Assignment. Contribution among Tortfeasors. Contract,* Settlement agreement.

In this action for contribution brought by the plaintiff as the assignee of a settling tortfeasor, a single justice of this court allowed an interlocutory appeal to be taken from an order denying the defendants' motion for summary judgment. See G. L. c. 231, § 118, first par. We conclude that summary judgment was properly denied.

The underlying facts are undisputed. The plaintiff, Spirito, was injured in 1997 in an incident involving a forklift operated by an employee of the George McQuesten Co. (McQuesten). Spirito commenced an action against McQuesten in 1998. In May, 2001, that action settled and was dismissed, with McQuesten paying Spirito $950,000 and assigning to him McQuesten's contribution rights under G. L. c. 231B. The settlement agreement between Spirito and McQuesten provides in relevant part:

"In consideration of Nine Hundred and Fifty Thousand Dollars ($950,000.00) paid to [Spirito] . . . the receipt of which is hereby acknowledged, [Spirito] does hereby [release] . . . [McQuesten and named associated parties not here relevant] and any and all other persons, including corporations, who might be liable [from all claims arising from Spirito's 1997 injury]. In further consideration of this release, [McQuesten and the named associates] hereby assign and transfer to [Spirito] all rights and actions for contribution or indemnification they may have pursuant to [G. L. c.] 231B, and any other applicable sections."

Less than one year after the settlement, on April 8, 2002, Spirito, as Mc-

[1]Lewis Boyle Company.

Questen's assignee, brought the present action against defendants Hyster New England, Inc., and Lewis Boyle Company, alleging that the defendants were liable for contribution, that is, their pro rata shares of the $950,000 paid by McQuesten to extinguish the "common liability" of all potential joint tortfeasors. See G. L. c. 231B, § 3. The defendants answered and filed a motion for summary judgment, claiming that Spirito's action was barred by operation of G. L. c. 231B, § 3(*d*)(2), which generally provides that a claim for contribution may not be maintained unless the underlying "common liability" has been paid within one year of settlement.[2] The motion judge denied the motion, reasoning that "[t]he amount of the common liability here has been established as $950,000.00, and does not include an undetermined value of the right of contribution, as suggested by the defendants."

On appeal, the defendants rightly do not suggest that McQuesten's assignment to Spirito was invalid, or that Spirito may not assert McQuesten's rights even if that would mean that Spirito might recover more than the $950,000 specified in the release. Those issues were put to rest in *Rubenstein* v. *Royal Ins. Co. of Am.*, 45 Mass. App. Ct. 244, 246-247 (1998), *S.C.*, 429 Mass. 355 (1999). Nor do the defendants dispute that McQuesten timely paid the $950,000 specified in the release. Instead, the defendants contend that, because the release recited that the assignment was in "further consideration" of Spirito's release, the inchoate monetary value of the assignment became part of the joint tortfeasors' "common liability." According to the defendants, because McQuesten did not pay to Spirito the monetary value of the assignment within one year of settlement, McQuesten did not fully and timely discharge the joint tortfeasors' "common liability," and Spirito's claim therefore is barred by § 3(*d*)(2).[3] See note 2, *supra*.

Like the motion judge, we reject the notion that by virtue of the recitation in the settlement agreement, the inchoate monetary value of the assignment must be considered part of the "common liability" to be "paid" within a year of settlement pursuant to § 3(*d*)(2). Indeed, as the plaintiff's lawyer aptly observed at oral argument, reading the agreement in this fashion would create an unending circularity, like that of the "Ouroboros" — the mythological symbol of a snake or serpent eating its own tail. That is because fixing and adding a monetary value for the contribution claim to the amount of the settlement simply would create a larger settlement amount, resulting in an even larger value to the contribution claim, which in turn would have to be added to the settlement figure, again increasing the value of the contribution claim, and so on, ad infinitum.

Even more to the point, however, McQuesten had no right to proceed with a contribution claim (and, hence, no right to assign) until it paid Spirito more than its pro rata share and discharged the common liability. See G. L. c. 231B, §§ 1, 3(*d*)(2). As observed in a Florida decision relied upon in *Rubenstein, su-*

---

[2] "If there is no judgment for the injury against the tortfeasor seeking contribution, his right of contribution shall be barred unless he has . . . (2) agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution." G. L. c. 231B, § 3(*d*), inserted by St. 1962, c. 730, § 1.

[3] The defendants' argument for increasing the common liability would seem to be a procedural dodge rather than a sincerely held position, since the effect would be to increase the nonsettling tortfeasors' pro rata shares.

*pra* at 248, "The right to contribution and the right of assignment thereof must necessarily follow *after* the completion of any settlement" (emphasis added). *Robarts* v. *Diaco*, 581 So. 2d 911, 916 (Fla. Dist. Ct. App. 1991). This is true by operation of law, regardless of how the parties phrased their settlement agreement. It was McQuesten's payment of $950,000 that extinguished the common liability and gave rise to the right of contribution that it assigned.

Because, within one year of the settlement, the common liability was discharged by McQuesten's payment of $950,000 to Spirito and the contribution action was commenced, the requirements of § 3(*d*)(2) were met. The order denying the defendants' motion for summary judgment is, accordingly, affirmed.

*So ordered.*

*Richard J. Fallon* for the defendants.
*Michael A. Lesser* for the plaintiff.