van Gestel, Allan, J.
This matter is before the Court on the Defendants’ Motion to Amend Counterclaim, Paper #17, and Plaintiffs Motion to Dismiss, Paper #18. The motions are somewhat like cross motions, and both are opposed.
BACKGROUND
The underlying action is a declaratory judgment proceeding brought by Western World Insurance Company (“Western World”) seeking a determination as to whether it has any duties to defend or indemnify the defendants, Meridian Builders and Jonathan Klandrud (collectively “Meridian”), on a matter relating to construction work performed by Meridian at the home of Jill and Edward Lechtenberg (the “claimants”) in Weston.
This case remains in an unusual posture in that the claimants have yet to bring suit in any court. All that has occurred — and that was some time ago — is that on July 13, 2005, counsel for the claimants served Meridian with a G.L.c. 93A, Sec. 9 demand letter. That letter was responded to by counsel on Meridian’s behalf by a letter dated August 12, 2005. Neither Meridian, nor Western World, have heard anything further from the claimants.
In that posture, this Court, on May 18, 2007, granted Meridian’s motion for summary judgment, thereby dismissing Western Word’s declaratory action. What then remained was the Meridian’s counterclaim.
Now, Meridian seeks to amend its counterclaim, which Western World opposes, and Western World seeks the dismissal of Meridian’s counterclaim for the same reason that this Court earlier dismissed Western World’s complaint.
The Court explained its reasons for dismissing the Western World complaint in its Memorandum and Order of May 18, 2007. It said:
Western World’s policy calls upon it “to defend the insured [here Meridian] against any ‘suit’ seeking . . . damages” that Meridian “becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” There is, however, no pending suit. As a result, there is no complaint to test against the Western World policy. And, there being no suit, there is nothing to defend, nor can there be any judgment against which Western World might have a duty to indemnify. The request for a declaratory judgment on both the duty to defend and the duty to indemnify is premature.
This Court cannot know what claims may be brought in the as yet un-filed complaint. It, therefore, cannot declare, one way or the other, whether Western World will have any duty to defend or indemnify if a complaint ever is filed. This then would seem to be one of those cases in which the Court has sufficient reason to refuse to enter a declaratory judgment. See, e.g., Everett v. Local 1656, International Ass’n of Firefighters, 411 Mass. 361, 369 (1991).
Meridian seeks to amend its counterclaim to add four new causes of action against Western World: breach of the covenant of good faith and fair dealing; violations of G.L.c. 175, §181; violations ofG.L.c. 176D and G.L.c. 93A, §9; and violations of G.L.c. 93A, §§2 and 11. Basically, what Meridian seeks in its counterclaim, as presently stated, and if permitted to be amended, is recovery of those attorneys fees and costs incurred in defending against Western World’s declaratory judgment claim.
DISCUSSION
The Court will discuss both motions at the same time, first stating the principles that apply to a motion to amend and then to a motion to dismiss.
Mass.R.Civ.P. Rule 15(a) regulates the kind of amendment sought here. It reads, in material part:
... a party may amend his pleading only by leave of court or by written consent of the adverse parly; and leave shall be freely given when justice so requires . . .
The right to amend is not automatic, see Terrio v. McDonough, 16 Mass.App.Ct. 163, 167 (1983), but rather is subject to broad discretion of the Court. Cappuccio v. Zoning Board of Appeals of Spencer, 398 Mass. 304, 314 (1986).
The kinds of reasons found to support denial of a motion to amend are “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of the amendment.” Mathis v. Massachusetts Electric Co., 409 Mass. 256, 264 (1991). None of those reasons apply here.
The other most common ground for opposing an amendment is that it will be futile. See Castelluci v. USF&G Co., 372 Mass. 288, 290 (1977). This concept is behind Western World’s opposition to the motion to amend here.
A motion to dismiss pursuant to Mass.R.Civ.P. Rule 12(b)(6), is governed by the following:
The standard of review for a motion to dismiss pursuant to rule 12(b)(6) is well settled. We take as true “ ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . . .’ Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a *367 rule 12(b)(6) challenge, the plaintiffs burden is “relatively light.” Id., citing Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 13 (1987).
Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).
“(A counterclaim] is sufficient if it ‘sketch[es] the bare silhouette of a cause of action.’ ” Stevens v. Nigel, 64 Mass.App.Ct. 136, 140 (2005).
The recent decision by the Supreme Court of the United States, Bell Atlantic Corp. v. Twombly, 550 U.S. _, 167 L.Ed.2d 929 (2007), has, to date, had no effect on Rule 12(b)(6) law or practice in Massachusetts. Indeed, the SJC’s June 4, 2007, decision in Chokel v. Genzyme Corp., 449 Mass. 272, 273 (2007), cites positively to the familiar Conley v. Gibson formulation, criticized by the majority in Twombly.
There are a series of decisions that play a role in the situation presented here. They are: Preferred Mutual Insurance Company v. Gamache, 426 Mass. 93 (1997) (“Gamache"); Rubenstein v. Royal Insurance Company of America, 429 Mass. 355 (1999) (“Rubensteiri’); Hanover Insurance Company v. Golden, 436 Mass. 584 (2002) (“Golden”); and Wilkinson v. Citation Insurance Company, 447 Mass. 663 (2006) (“Wilkinson”).
In . .. Gamache. . . and its progeny, we articulated an exception to the “American Rule,” under which parties to litigation generally bear the expense of their own attorneys fees regardless of the outcome of the case. The Gamache exception allows those who purchase insurance contracts containing a duty to defend provision to recover their attorneys fees when they must resort to litigation against their insurer to enforce that duly. In the present case, we must consider whether to extend that exception to circumstances where the dispute between an insured and an insurer concerns whether a claim falls within the coverage of a policy, that is, whether the insurer has a duly to indemnify the insured for its loss.
For the reasons set forth below, we decline to expand the Gamache exception beyond the duly to defend.
Wilkinson, 447 Mass. at 664.
Thus, Gamache and Wilkinson are the bookends of the appellate law in Massachusetts for purposes ofthis case, which falls somewhat in the middle. Here the Court is presented with a matter solely related to Western World’s duty to defend. This is clearly within Gamache.
This case does not, however, present a situation in which an insured — here Meridian — has had to resort to litigation against their insurer Western World — to enforce the duty to defend. This Court does not believe that the SJC meant to limit Gamache solely to cases in which the insured sued first. In Golden, for example, the insurer was the entity that brought the declaratory judgment suit, while in the process of defending Golden in the underlying action. In Golden, 436 at 839, Justice Spina said: “We agree with the Appeals Court and hold that, if an action for declaratory relief concerning an insurer’s duly to defend under a liability insurance policy is resolved in favor of the insured, then the insured is entitled to recover attorneys fees without regard to whether the insurer committed a breach of the terms of the policy.”
With that background, the Court states the issue before it as follows: Gamache, and the cases that follow it, permit the recovery of attorneys fees for an insured who prevails in a declaratory judgment action relating to the insurer’s duty to defend. Should not the result be the same in a situation in which an insured prevails in a declaratory judgment action challenging the duty to defend brought by the insurer which is dismissed on summary judgment because the insurer’s action was brought prematurely? This Court thinks so, and so rules.
Here, as noted above, Western World sued for a declaration that it was not obligated to defend Meridian on a claim that was not yet filed, but only outlined in a G.L.c. 93A claim letter. Meridian had to defend against Western World’s suit or run the risk of loss by default and later loss of a defense by Western World if the threatened claim ever should be filed. Even the two dissenting Justices in Golden appear to accept this conclusion, at least when the insured has to battle with its insurer at a time when the insurer is also not fronting the costs of the defense of the underlying claim. See Golden, 436 Mass. at 596.
ORDER
For the foregoing reasons, the Defendants’ Motion to Amend Counterclaim, Paper # 17, is ALLOWED, and the Plaintiffs Motion to Dismiss, Paper #18, is DENIED.