**CONTINENTAL CASUALTY COMPANY, a corporation, Plaintiff,**

**v.**

**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., a corporation, and Dolores Fullerton, Defendants.**

**Civ. No. 9950.**

United States District Court
D. Oregon.

Jan. 12, 1960.

Phillips & Sandeberg, David Sandeberg, Portland, Or., for plaintiff.

Mautz, Souther, Spaulding, Denecke & Kinsey, Wayne A. Williamson, Portland, Or., for defendant.

EAST, District Judge.

Heretofore, on July 20, 1959, this Court entered its opinion, 175 F.Supp. 713, 722 in the above matter upon the segregated issue of coverage under the policies of insurance issued by the plaintiff and defendant insurance companies respectively, wherein this Court, upon the authority of Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., Or. 1959, 341 P.2d 110, concluded:

> "* * * that the ultimate loss liability sustained by Brooks by reason of the death of Fullerton, to be determined either by agreement of the parties or upon a further hearing herein by this Court as to the reasonableness of plaintiff's compromise settlement of the litigation instituted and conducted by the widow of Fullerton, and attorneys' fees and other expenses in connection therewith, should be borne equally between plaintiff and defendant."

Said opinion further provided that:

> "Allowance of costs and attorneys' fees, if any, in this case, shall be reserved until determination of ultimate loss liability as aforesaid or until further order herein."

It further appears that it is recited in said opinion that:

> "It must be conceded that plaintiff is liable for its $400,000/$1,000,-000 personal injury coverage to Brooks * * *"

It is now apparent that the aforesaid personal injury coverage as stated is erroneous and that the true and correct

coverage under plaintiff's policy is $250,-000/$1,000,000 and that, therefore, the aforesaid opinion should be amended to read accordingly.

■■ It now comes to the attention of this Court that the Supreme Court of the State of Oregon in the matter pending therein as aforesaid, allowed the plaintiff-respondent's petition for rehearing and entered its opinion thereon, which modified its aforesaid opinion, 341 P.2d 110, under date of November 25, 1959, 346 P.2d 643, wherein its position of equal liability by coinsurers was abandoned and in lieu thereof adopted the pro rata theory, stated succinctly as follows:

" 'The general rule as to insurance policies is that where there are *pro rata* or proportionate clauses in several insurance policies insuring the same property, the insurance is concurrent and each insurer is liable for its proportionate amount. *This has also been held to be the rule where there is no provision about proportionate insurance in either policy.*' " 346 P.2d at page 647.

Therefore, the foregoing conclusion of this Court as set forth verbatim above is amended to read as follows:

" * * * that the ultimate loss liability sustained by Brooks by reason of the death of Fullerton, to be determined either by agreement of the parties or upon a further hearing herein by this Court as to the reasonableness of plaintiff's compromise settlement of the litigation instituted and conducted by the widow of Fullerton, and attorneys' fees and other expenses in connection therewith, shall be borne between plaintiff and defendant as follows: Plaintiff shall bear five-thirteenths (5/13ths) thereof, and the defendant shall bear eight-thirteenths (8/13ths) thereof, which amount is prorated according to the respective coverages."

This Court also has before it upon the following segregated issues:

(1) Whether or not the compromise settlement made by plaintiff of the death claim action of Dolores Fullerton against Brooks in the amount of $30,000 was a fair and reasonable compromise on behalf of Brooks and the plaintiff as one of Brooks' insurers; and

(2) Whether or not plaintiff is entitled to a reasonable attorney's fee for the prosecution of this instant action.

■ By way of a supplemental opinion upon such segregated issues, as to question (1) aforesaid the Court finds upon the stipulation entered into by counsel for the respective parties as to the testimony which would be given by a prominent and able attorney of this Bar, if called, that the aforesaid compromise settlement made by plaintiff on behalf of Brooks of the death action in the amount of $30,000 was a fair and reasonable compromise settlement. It appears, under the agreed facts contained in the pretrial order, that the plaintiff did incur liability for and in connection with the defense of the aforesaid Fullerton death action, attorney's fees in the sum of $1,725, and other expenses in the sum of $622.39, and this Court finds that said attorney's fees and other expenses were necessary and reasonable. Therefore, such amount of attorney's fees and expenses, together with the amount of $30,000 settlement, aggregate the "ultimate loss liability sustained by Brooks".

■ As to segregated question (2), the Court reiterates its former conclusions that Brooks was a direct insured (having paid a premium therefor) under the policy issued by plaintiff, and also was a direct insured (through covenant with Austin for the payment of a premium therefor) under the defendant's policy, by reason of the "additional interest endorsements" thereon. This Court concludes, therefore, that had neither the plaintiff nor the defendant, as in this case the defendant did not, defend the

# 538

Fullerton action against Brooks, and Brooks suffered a judgment thereon or made a fair and reasonable compromise settlement thereof, then Brooks would have in turn a cause of action against plaintiff on its policy for five-thirteenths (5⁄13ths) of its entire loss and against the defendant for eight-thirteenths (8⁄13ths) thereof.

In United States Fidelity & Guaranty Co. v. Thomlinson-Arkwright Co., 172 Or. 307, 141 P.2d 817, the Oregon Supreme Court, in a case whose facts and legal conclusions offer by way of analogy a solution, namely, that where a plaintiff insurer has paid its insured's tort loss, such plaintiff insurer is subrogated to its insured's rights and remedies, if any, against a separate and distinct insurer. So, inasmuch as the plaintiff in this case has paid Brooks' entire loss over and above its legal responsibility of 5⁄13ths thereof, it stands in the shoes of Brooks and is subrogated to its rights against the defendant upon the defendant's policy coverage of Brooks as an additional interest, to the extent of 8⁄13ths of Brooks' loss. Therefore, under the doctrine of United States Fidelity & Guaranty case, supra, this Court concludes that plaintiff is entitled to recover of and from the defendant a reasonable attorney's fee for the prosecution of this action.[1]

Counsel for the plaintiff is requested to submit findings of fact and conclusions of law and judgment order in conformity with the original opinion herein and this amended and supplemental opinion (being modification at page 9 of the findings of fact heretofore submitted and settled). Said findings, conclusions and judgment to leave the amount of attorney's fees recoverable herein in blank, to be determined and entered by

the Court, either upon agreement of the parties or a further hearing herein as to the amount of such reasonable attorney's fees.

---

1. ORS 736.325: *"Recovery of attorney's fees in action on policy.* (1) If settlement is not made within six months from the date proof of loss is filed with an insurance company or fraternal benefit society and a suit or action is brought in any court of this state upon any policy of insurance of any kind or nature, including a policy or certificate issued by a fraternal benefit society as defined in ORS

740.010, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such suit or action, then the plaintiff, in addition to the amount that he may recover, shall be allowed and shall recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees."