RELIANCE INSURANCE COMPANY vs. AETNA CASUALTY
AND SURETY COMPANY.

Suffolk. September 23, 1983. — December 13, 1983.

Present: GREANEY, KAPLAN, & KASS, JJ.

*Insurance*, Motor vehicle insurance, Insured, Coverage.

A comprehensive automobile liability insurance policy with standard
   clauses providing for tractor-trailer exclusion and severability of inter-
   ests, issued to a company engaged in the business of renting trucks, did
   not provide coverage for an accident which occurred while an employ-
   ee of a company which had leased a tractor from the insured was
   operating the tractor with a trailer owned by the lessee. [220-223]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 31, 1981.

The case was heard by *Mitchell*, J., on a motion for sum-
mary judgment.

*Richard L. Neumeier* (*Philander S. Ratzkoff & Ellen S.
Cooper* with him) for the plaintiff.

*Ann-Louise Levine* for the defendant.

KASS, J. What we have here is a controversy between in-
surance companies as to the meaning of two standard
clauses in comprehensive automobile liability insurance pol-
icies: (1) the tractor-trailer exclusion and (2) the severabil-
ity of interests clause.

Not surprisingly, the parties have, in their briefs and
arguments, engaged in lusty word chopping, an exercise to
which the language of the policies lends itself handsomely.
We think that diagnosing the commercial purpose of the
disputed provisions offers a more hopeful approach to un-
raveling the problem. To that end we describe the business
setting.

Aetna Casualty and Surety Company (Aetna) insured Edart Truck Rental Corporation (Edart) under a comprehensive automobile liability policy. As its name implies, Edart was in the business of renting trucks, and it rented a truck tractor to Rogers Foam Corporation (Rogers). Rogers owned its own trailer, to which it hitched the leased tractor. Under the governing truck rental lease, the lessee, i.e., Rogers, was to provide "liability, property damage, collision, comprehensive, fire and theft insurance." Paragraph 5 of the lease required the lessee, if it were furnishing insurance, to provide the rental company with a certificate of insurance "prior to taking possession of any vehicle." Paragraph 9 required the lessee "to furnish its own driver for [the] rented vehicle and to insure him against any and all liability." It is apparent from the full text of paragraph 5 and other portions of the lease form that the lessee had an option to furnish insurance, or, in the alternative, to leave that burden to the lessor. We may infer that allocating the insurance cost to the tractor rental customer had a bearing on lease charges. Rogers' automotive insurance carrier was Reliance Insurance Company (Reliance).

On March 10, 1978, a date when the Aetna and the Reliance policies were in force, an employee of Rogers, Francisco Ortiz, while driving a rig consisting of the rented tractor and Rogers' trailer, had an accident on Route 128 involving another vehicle. The owner of the other vehicle and his wife brought an action to recover for injuries against Rogers and Ortiz. Reliance undertook the defense and called upon Aetna to join in that task. Aetna disclaimed coverage. Reliance responded with a complaint under G. L. c. 231A, asking for a declaration of Aetna's obligations to pay all, or at least half of any settlement with, or judgment for, the injured parties. For purposes of the proceeding, the parties stipulated that the court should assume that Rogers and its driver were liable to the persons hurt in the March 10th accident. A Superior Court judge decided Aetna had no liability under its policy and entered judgment dismissing the complaint. We affirm the judge's

reasoning and result, although the judgment should not have been one of dismissal of the complaint, but a declaration as to Aetna's obligation. See *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977); Smith & Zobel, Rules Practice § 57.2 (1977).

Aetna's policy excluded from coverage:

> "any person or organization other than the *named insured*, with respect to . . . a motor vehicle while used with any trailer owned or hired by such person or organization, and not covered by like insurance in the company [i.e., Aetna] . . ." (emphasis in original).

This is the "tractor-trailer exclusion," a common provision in automobile liability insurance policies. 12A Rhodes, Couch's Cyclopedia of Insurance Law § 45.1088 (2d ed. rev. 1981). Annot., 31 A.L.R. 2d 298, 302 (1953). So restricting coverage is consistent with the allocation of primary insurance responsibility in the tractor lease to the lessee.

Indeed, Reliance, the lessee's insurer, readily concedes that the tractor-trailer exclusion excludes the lessee, Rogers, from any coverage under the policy by which Aetna covers the lessor. Reliance urges, however, that the exclusion does not apply to Ortiz, the driver of the tractor-trailer rig, who, as an employee, neither "owned or hired" the trailer. Accordingly, the argument proceeds, Ortiz is "any other person . . . using . . . a hired automobile with the permission of the named insured," and entitled to coverage under what the industry calls the "omnibus clause."[1] In support of its position, Reliance invokes the severability of interests clause, another standard provision,[2] which reads as follows:

---

[1] This language appears in § II(C) of the Aetna policy. Of course, Ortiz had no express permission from the "named insured," which is Edart, to use the tractor, although paragraph 9 of the tractor lease, by recognizing that the lessee is to provide a driver, may be thought to imply a generalized permission. Aetna has not contested the point.

[2] See Thomas, The New Standard Automobile Policy: Other Provisions (Declarations and Conditions), 393 Ins. L.J. 652 (1955); Risjord & Austin, Who is "the Insured" Revisited, 28 Ins. Couns. J. 100, 101 (1961).

"The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the *company's* liability" (emphasis original).[3] The purpose of the severability of interests clause was to express an underwriting intent that nonliability or a discharge of liability under the policy as to one category of insured did not leave another category of insured unprotected. See Risjord & Austin, Who is "the Insured" Revisited, 28 Ins. Couns. J. 100, 101 (1961). See also Gowan, Provisions of Automobile and Liability Insurance Contracts, 30 Ins. Couns. J. 96, 100 (1963).

For example, in *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375 (1971), the "insured" included the O. Hodgkins Corp. and Weg Auto Company, who shared business premises. They also shared watch dogs, but the dogs were licensed to Weg. One of the dogs bit an employee of Hodgkins. Under the policy there was an exclusion of coverage for injuries to employees of the insured.[4] The insurer, thus, was off the hook as to the dog-bite victim in his status as an employee of Hodgkins. In relation to Weg, however, the victim was not an employee and, by reason of the severability of interests clause, the insurer was bound to defend and pay damages due. *Id.* at 380-381.

To apply the severability of interests clause in the manner pressed by Reliance in the instant case, however, is virtually to read the tractor-trailer exclusion out of the policy. Rogers is a corporation. Sightless and armless, it cannot climb behind the driver's wheel; it must direct an employee to do so. In analogous circumstances the Court of Appeals of New York (Breitel, J.) observed: "Since the lessee is excluded, its employee, the driver, should also be excluded as an additional insured . . . . To hold otherwise deprives the exclusionary language in each policy of any practical meaning in the case of corporate lessees, which perforce act through

---

[3] The severability of interests clause appears in the Aetna policy in the definition of the word "insured."

[4] Employees, presumably, recovered workers' compensation.

employees." *Travelers Ins. Co.* v. *General Acc., Fire & Life Assur. Corp.*, 28 N.Y. 2d 458, 462 (1971). Cf. *Travelers Ins. Co.* v. *United States Fire Ins. Co.*, 570 F.2d 515, 516 (5th Cir. 1978).[5]

The position espoused by Reliance is not totally without support in the books. Several jurisdictions have limited the tractor-trailer exclusion to the business which hired the tractor, sometimes invoking the severability of interests principle as to the employee driving the rig. *Liberty Mut. Ins. Co.* v. *Sentry Ins. Co.,* 288 So.2d 556, 558-560 (Fla. App. 1974). *Aetna Cas. & Sur. Co.* v. *Hertz Corp.*, 366 So.2d 1362, 1364 (La. 1978).[6] *Bankers & Shippers Ins. Co.* v. *Watson*, 216 Va. 807, 811-815 (1976). Cf. *Hardberger & Smylie* v. *Employers Mut. Liab. Ins. Co.*, 444 F.2d 1318, 1322 (10th Cir. 1971). None of those opinions, however, comes to grips with what is left of the tractor-trailer exclusion if such a construction of the severability of interests clause is adopted. We construe the language of Aetna's policy in its usual and ordinary sense. *Barnstable County Mut. Fire Ins. Co.* v. *Lally*, 374 Mass. 602, 605 (1978). In that exercise we are much guided by the choice made by Edart and Rogers to have Rogers assume the liability insurance respecting the tractor-trailer rig. That allocation of burden manifested itself further in a tailor-made or "manuscript" provision in Aetna's policy.[7] We agree with the

---

[5] We leave to another day whether the same resolution of the scope of the exclusion applies in circumstances where the employer is not liable for acts of its employee-driver under principles of respondeat superior.

[6] In that case, Aetna successfully took the very position it now assiduously opposes. There is either no uniform policy on Aetna's part about the manner in which it interprets the standard provisions here discussed or its policy is one of main chance. One would suppose the insurance industry, the public, and certainly the courts would be well served if insurance companies were to adopt industry wide interpretations of disputed standard clauses in insurance policies.

[7] The text of that provision is as follows: "The insurance provided by this policy does not apply to any lessee with respect to automobiles leased to others for which the insurance is purchased by the lessee, in evidence of which a valid certificate of insurance has been filed with the lessor."

Superior Court judge that the language of the manuscript provision is obscure enough so as to discourage ascribing much weight to it.

The judgment of dismissal is vacated and a new judgment is to enter declaring that, under the policy it sold to Edart, Aetna provided no coverage, and, therefore, has no liability, with respect to the accident which occurred on March 10, 1978.

*So ordered.*