RELIANCE INSURANCE COMPANY vs. AETNA CASUALTY
AND SURETY COMPANY.

Suffolk. April 6, 1984. — September 17, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Insurance,* Motor vehicle liability insurance, Insurer's obligation to defend,
Insured, Coverage.

Where a comprehensive motor vehicle liability insurance policy contained
both a standard severability of interests provision and a tractor-trailer
exclusion clause reciting that no person other than the named insured is
insured with respect to a tractor while it is being used with a trailer
owned or hired by "such person" unless the trailer is covered by like
insurance with the same insurer, the policy provided liability coverage
for a driver employed by a corporation which had leased a tractor unit
from the named insured, a company engaged in the business of renting
trucks, and who was operating the tractor with a trailer owned by the
lessee. [50-52]
Statement of the manner in which the costs of defense and indemnity pay-
ments arising out of a negligence action against the driver of a tractor-
trailer unit were to be apportioned under identical clauses in liability
policies issued by the insurer of the tractor and the insurer of the trailer
with which it was operated. [52-54]

CIVIL ACTION commenced in the Superior Court Department
on August 31, 1981.

The case was heard by *Joseph S. Mitchell,* J., on a motion
for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Ellen S. Cooper (Philander S. Ratzkoff & Richard L. Neu-
meier* with her) for the plaintiff.

*Ann-Louise Levine* for the defendant.

O'CONNOR, J. In this case, Reliance Insurance Company
(Reliance), insurer of a trailer, seeks a declaration under G. L.
c. 231A that Aetna Casualty and Surety Company (Aetna),

insurer of a tractor used with the trailer, is required by its policy to participate in the defense of a tort action to recover for personal injuries brought against Francisco Ortiz, the driver of the tractor-trailer unit, and to indemnify Ortiz against liability. A Superior Court judge determined that the driver was not entitled to coverage under Aetna's policy and dismissed the complaint. On appeal, the Appeals Court agreed with the reasoning of the judge, vacated the judgment of dismissal as inappropriate in a declaratory judgment action, and ordered the entry of a judgment declaring that Aetna's policy did not provide coverage. *Reliance Ins. Co.* v. *Aetna Casualty & Sur. Co.,* 17 Mass. App. Ct. 218, 219-220, 222 (1983). We granted further appellate review. We reverse the judgment of the Superior Court and order that a judgment be entered declaring that Ortiz is entitled to a defense by Aetna of the tort action against him and to indemnity by Aetna against liability. The costs of defense and the indemnity payments are to be borne equally by Reliance and Aetna until each insurer has paid the lowest applicable limit of liability under one policy, or the full amount of the loss is paid. If each insurer pays the lowest applicable limit of liability under one policy without the full loss being paid, payment is to be made under the other policy until the full loss is paid or the limit of that policy is reached.

The tractor-trailer unit, driven by Ortiz, was involved in a collision with another vehicle on March 10, 1978, as a result of which occupants of the other vehicle brought an action to recover for bodily injuries against Ortiz and his employer, Rogers Foam Corporation (Rogers). Rogers owned the trailer portion of the unit and hired the tractor from its owner, Edart Truck Rental Corporation (Edart). The trailer was insured by Reliance and the tractor was insured by Aetna. Reliance undertook the defense of the tort action and called on Aetna to participate. Aetna disclaimed and this action followed.

The Aetna policy defines "persons insured" as including "any . . . person while using an owned automobile or a hired automobile with the permission of the named insured." The policy also provides, however, that a "person or organization, other than the named insured," is not insured with respect to "a

motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in [Aetna]." Rogers is not insured under the Aetna policy because the insured tractor was being used with a trailer owned by Rogers and not covered by insurance in Aetna when the collision occurred. That is conceded by Reliance. Reliance contends that Ortiz is covered under the Aetna policy, however, because as the employee of Rogers, which hired the tractor, he was using the tractor with the permission of Aetna's named insured, Edart. Reliance asserts that Ortiz does not come within the clause excepting certain persons from the definition of insured persons because, although at the time of the collision he was using the insured tractor with a trailer owned by his employer, the trailer was neither owned nor hired by him. We agree.

The plain language of the quoted provisions requires the conclusion that Ortiz is an insured under the Aetna policy. The provision on which Aetna relies to exclude him is significantly different from exclusion (11) contained in the policy reviewed in *Desrosiers* v. *Royal Ins. Co. of Am., ante* 37, 43 (1984). There, coverage was not provided under a policy insuring one component of a tractor-trailer unit when the other component was owned or hired by "the insured" and was not covered by like insurance in the same company. The term "the insured" was defined in the policy as including the named insured as well as any other person using the vehicle with the named insured's permission. We held, in light of the unmistakable purpose of the exclusionary provision, that the exclusion applied if any insured party owned or hired the uninsured tractor-trailer component. We arrived at that conclusion despite an apparently inconsistent severability of interests provision.

We recognize that the purposes of the exclusionary provisions in the Royal Insurance Company of America policy, at issue in *Desrosiers,* and in the Aetna policy, at issue here, may be the same. However, the language employed in the two policies is quite different. The language in the Aetna policy is not susceptible to the construction we gave to exclusion (11) in *Desrosiers.* The policy at issue here does not say that a per-

son within the omnibus clause is not insured with respect to the tractor while it is being used with any trailer owned or hired by "the insured" and is not covered by like insurance in Aetna. Instead, it provides that a person within the omnibus clause is not insured with respect to the tractor while it is being used with a trailer owned or hired by "such person" and is not covered by like insurance with Aetna. "[S]uch person" necessarily refers to the person seeking coverage.[1] The several interests of the insured parties are recognized in the exclusionary provision as separate in the same way as might be accomplished in appropriate circumstances by a severability of interests provision.

In *Desrosiers,* we recognized an apparent inconsistency between the tractor-trailer exclusion and a severability of interests provision in the policy in question. The Aetna policy also contains a severability of interests provision, and it states that "[t]he insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability." Unlike the policy involved in *Desrosiers,* the severability of interests provision here is consistent with, and supportive of, the only construction to which the exclusionary provision is reasonably susceptible.

In *Reliance Ins. Co.* v. *Aetna Casualty & Sur. Co., supra* at 221-222, the Appeals Court observed that "[t]o apply the severability of interests clause in the manner pressed by Reliance . . . is virtually to read the tractor-trailer exclusion out of the policy. Rogers is a corporation. Sightless and armless, it cannot climb behind the driver's wheel; it must direct an employee to do so. In analogous circumstances the Court of Appeals of New York (Breitel, J.) observed: 'Since the lessee is excluded, its employee, the driver, should also be excluded as an additional insured . . . . To hold otherwise deprives the exclusionary language in each policy of any practical meaning in the case of corporate lessees, which perforce act through

[1] For an almost identical case, resulting in a holding identical with our holding here, see *Liberty Mut. Ins. Co.* v. *Sentry Ins. Co.,* 288 So. 2d 556 (Fla. Dist. Ct. App. 1974).

employees.' *Travelers Ins. Co.* v. *General Acc., Fire & Life
Assur. Corp.,* 28 N.Y.2d 458, 462 (1971). Cf. *Travelers Ins.
Co.* v. *United States Fire Ins. Co.,* 570 F.2d 515, 516 (5th
Cir. 1978)."

We share the Appeals Court's concern that the construction
we place on the exclusionary provision here results in the
exclusionary provision virtually being read out of the policy.
The provision has almost no practical value to Aetna. The
value to Aetna of being relieved from covering Rogers is neg-
ligible if Aetna must protect and indemnify Ortiz. However,
the court cannot properly disregard the plain language of the
policy in order to give effect to what it considers the intentions
of the parties probably to have been. To the extent that the
severability of interests provision was rendered meaningless
by our construction of exclusion (11) in *Desrosiers,* we con-
cluded that that was required by the plain language of that
exclusion. Similar language does not appear here, which leads
us to conclude that we are not required effectively to delete
the severability of interests provision from the policy nor would
it be appropriate for us to do so.

We briefly mention one other contention of Aetna. In its
brief, Aetna calls to our attention special endorsement (1),
which provides as follows: "The insurance provided by this
policy does not apply to any lessee with respect to automobiles
leased to others for which the insurance is purchased by the
lessee, in evidence of which a valid certificate of insurance
has been filed with the lessor." Rogers filed a certificate of
insurance with Edart indicating coverage by Reliance for bodily
injury. Aetna contends that by virtue of that endorsement the
policy provides no coverage to Rogers or Ortiz. No reasons
are given in support of Aetna's contention as required by Mass.
R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). In
any event, Reliance does not contend that Rogers is entitled
to coverage, and Ortiz was not a lessee of the tractor.

Finally, we must determine the apportionment of the loss
between Aetna and Reliance. The apportionment of the loss
is governed by the "other insurance" clause contained in each
policy. The same "other insurance" clause appears in both
policies and reads as follows:

"Other Insurance. The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Aetna contends, and Reliance agrees, that if Aetna is obliged to defend and indemnify Ortiz, subdivision (a) of the "other insurance" provision applies, and each insurer must contribute equally to the costs and amounts to be paid until each insurer has paid the lowest applicable limit of liability under one policy, or the full amount of the loss is paid. We see no reason to hold otherwise. See *McDaniels* v. *Great Atl. & Pac. Tea Co.,* 602 F.2d 78, 83 (5th Cir. 1979); *Ryder Truck Rental, Inc.* v. *United States Fidelity & Guar. Co.,* 527 F. Supp. 666,

670 (E.D. Mo. 1981); *Commercial Union Assurance Cos.* v. *Aetna Casualty & Sur. Co.,* 455 F. Supp. 1190, 1194-1195 (D.N.H. 1978). Therefore, we need not reach the further argument of Reliance that "[i]f for any reason the Aetna and Reliance policy provisions are not deemed controlling on the question of apportionment . . . , this Court should . . . apportion the total primary coverage on the basis of a ratio of policy limits."

Accordingly, we reverse the judgment of the Superior Court and order that a judgment be entered declaring that Ortiz is entitled to a defense by Aetna of the tort action against him arising out of the motor vehicle collision on March 10, 1978, and to indemnity by Aetna from liability for personal injuries caused thereby. The costs of defense and the indemnity payments are to be borne equally by Reliance and Aetna until each insurer has paid the lowest applicable limit of liability under one policy or the full amount of the loss is paid. If each insurer pays the lowest applicable limit of liability under one policy without the full loss being paid, payment is to be made under the other policy until the full loss is paid or the limit of that policy is reached.

*So ordered.*