JOHN T. CALLAHAN & SONS, INC., & another[1] *vs.* WORCESTER INSURANCE COMPANY.

Middlesex. December 4, 2008. - March 19, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Insurance,* General liability insurance, Insurer's obligation to defend. *Contract,* Insurance. *Practice, Civil,* Declaratory proceeding, Attorney's fees.

This court concluded that an insurer is not entitled to recover attorney's fees and expenses incurred in a successful action brought to establish another insurer's duty to defend a common insured. [449-452]

CIVIL ACTION commenced in the Superior Court Department on December 30, 2004.

The case was heard by *Paul A. Chernoff,* J., on motions for summary judgment, and a motion for entry of final judgment and award of attorney's fees also was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Aaron R. White* for the plaintiffs.

*David F. Hassett (Scott T. Ober* with him) for the defendant.

BOTSFORD, J. It is well settled that an insured is entitled to recover reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the terms of the policy. See *Preferred Mut. Ins. Co.* v. *Gamache,* 426 Mass. 93, 98 (1997) *(Gamache).* What happens when the party incurring attorney's fees and expenses to establish the insurer's obligation to defend is not the insured but a different insurer that has defended and provided coverage to the insured? That is the question raised in this case. We answer that the exception to the American Rule in *Gamache* and its progeny does not extend to allow the prevailing insurer recovery of its attorney's fees associated with an action brought to establish the defense and coverage responsibility of another insurer.

[1] Zurich American Insurance Company.

1. *Background.* The background facts are not in controversy. The plaintiff, John T. Callahan & Sons, Inc. (Callahan), was the general contractor on a construction project in Uxbridge, and New England Air Conditioning Service (NEAC) was a subcontractor. In January of 2001, Paul Lagoa, a worker employed by another subcontractor, fell while working on the project and suffered injuries; in January of 2002, he brought suit in the Superior Court against Callahan and NEAC, alleging negligence (Lagoa action). Callahan was insured under a general liability insurance policy with the plaintiff Zurich American Insurance Company (Zurich). However, pursuant to the terms of its subcontract with NEAC, Callahan was also named as an additional insured under NEAC's general liability policy that was issued by the defendant Worcester Insurance Company (Worcester). In response to the complaint in the Lagoa action, Callahan asked both its insurer Zurich and NEAC to defend and indemnify it. Zurich acknowledged coverage and assumed Callahan's defense. NEAC and Worcester rejected Callahan's claim for defense and indemnification. Ultimately, the Lagoa action settled, and Callahan agreed to contribute $75,000 to the settlement.

In December of 2004, while the Lagoa action was still pending, Callahan and Zurich commenced a separate action against Worcester in the Superior Court, seeking declaratory relief concerning Worcester's obligation to defend and indemnify Callahan and also raising a claim of violation of G. L. c. 93A (declaratory judgment action). There is no dispute that Zurich retained the attorneys who brought the declaratory judgment action, that the attorneys represented both Zurich and Callahan, and that they were paid entirely by Zurich for their services.

Worcester and Callahan both moved for summary judgment in the declaratory judgment action. A Superior Court judge ruled that Worcester was responsible, along with Zurich, for defending Callahan in the Lagoa action, and concluded that Worcester should pay one-half the settlement amount and one-half the attorney's fees and expenses associated with the defense. He also concluded that Worcester was not liable under G. L. c. 93A. In July of 2006, Callahan and Zurich filed a motion for entry of final judgment and award of attorney's fees associated with the declaratory judgment action. The judge denied the motion, concluding in effect

that Zurich in reality was the party moving for the award of fees, and that the *Gamache* exception to the American Rule was for "consumer[s]" and did not apply to Zurich. In May of 2007, final judgment entered in the declaratory judgment action. The judgment awarded Callahan and Zurich $55,453.50, a sum that represents the combination of one-half the settlement amount paid on behalf of Callahan and one-half the attorney's fees and expenses incurred to represent Callahan in the Lagoa action; there was no award for attorney's fees or expenses associated with the declaratory judgment action. Callahan and Zurich appeal from this judgment.[2]

2. *Discussion.* Our traditional and usual approach to the award of attorney's fees for litigation has been to follow the "American Rule": in the absence of statute, or court rule, we do not allow successful litigants to recover their attorney's fees and expenses. See *Gamache,* 426 Mass. at 95. The principle set out in *Gamache,* entitlement of an insured to recover attorney's fees associated with establishing an insurer's duty to defend under the policy, was a limited exception to that general rule. See *id.* at 95, 97-98. See also *Rubenstein* v. *Royal Ins. Co.,* 429 Mass. 355, 356-357 (1999). We determined that the exception was appropriate because of the special relationship between the insured and its insurer arising out of the insurance policy, and because the assumption of responsibility for the insured's defense in litigation is one of the core purposes for which liability insurance is purchased; allowing recovery of attorney's fees was necessary to give the insured the full benefit of the insurance contract. See *id.* at 358-360. Accord *Hanover Ins. Co.* v. *Golden,* 436 Mass. 584, 587-588 (2002). But we have also emphasized that even between insurer and insured, the exception to the American Rule has strict limits. Thus, for example, we refused to extend *Gamache* to permit an insured to recover attorney's fees incurred in connection with an action to establish an insurer's indemnity (as opposed to defense) obligation. *Wilkinson* v. *Citation Ins. Co.,* 447 Mass. 663, 669, 672-673 (2006).

Two insurers that have independently issued separate policies to the same insured have no contractual relationship with, and

---

[2]The appeal is limited to the issue of attorney's fees and expenses; no appeal has been taken from the dismissal of the claim under G. L. c. 93A.

no special relationship to, each other, at least arising out of the fact that they share an insured. In bringing the declaratory judgment action, Zurich itself was thus not in a position to make a breach of contract claim, but was entitled to seek in effect contribution from Worcester in connection with the settlement of the underlying Lagoa action and the associated attorney's fees and expenses. See, e.g., *Mission Ins. Co.* v. *United States Fire Ins. Co.*, 401 Mass. 492, 501 (1988); *Reliance Ins. Co.* v. *Aetna Cas. & Sur. Co.*, 393 Mass. 48, 54 (1984); *Jefferson Ins. Co.* v. *National Union Fire Ins. Co.*, 42 Mass. App. Ct. 94, 103-104 (1997). But under our system, the costs associated with doing so — principally, its attorney's fees — were Zurich's responsibility, even though Zurich prevailed. Cf. *Wilkinson* v. *Citation Ins. Co.*, 447 Mass. at 672 n.9 (distinguishing between amount recovered when contract breach is established and costs associated with establishing breach; under American Rule, general allocation principle for such costs, including attorney's fees, is that each party bears its own).

Zurich contends that the attorney's fees must be awarded here because *Gamache* establishes that Callahan, as the insured, is entitled to them. The undisputed fact, however, is that Callahan did not incur these fees; Zurich did. *Gamache* does not stand for the proposition that an insured should recover attorney's fees associated with establishing an insurer's duty to defend even when the insured did not pay those fees. Zurich argues, however, that the policy underlying *Gamache* in effect requires the payment of the fees in this case because otherwise Worcester will be rewarded for its wrongful refusal to participate in Callahan's defense, and Zurich — which acted responsibly in assuming fully that defense and in even going one step further to bring the declaratory judgment action — will be punished.

This argument fails. The policy underlying the *Gamache* exception to the American Rule is not to punish wrongdoers or to reward those who act responsibly. Rather, it is a policy designed to protect the *insured's* right to receive the full benefit of its liability insurance contract. Through the successful declaratory judgment action, Callahan did receive that benefit at no cost to itself, thanks to Zurich.[3] But Zurich also received a separate and very real benefit from the action: the requirement that Worcester

---

[3]In a sense, however, for Callahan, the benefit was more theoretical than

reimburse Zurich for one-half the settlement amount and one-half the attorney's fees. Application of the American Rule to Zurich in this context deprives the insured, Callahan, of nothing, and comports with established practice.

Zurich cites to one case, *Travelers Indem. Co.* v. *Insurance Co. of N. Am.*, 69 Md. App. 664 (1987), in which the Court of Special Appeals of Maryland concluded that an insurer was entitled to recover costs (including attorney's fees) associated with prosecuting a successful declaratory judgment action against another insurer that wrongfully failed to defend the insured. The court reasoned that the wrongful failure of the defendant insurer to defend authorized the recovery of fees, whether the fees were incurred by the insured or another insurer, *id.* at 679; and that once the plaintiff insurer indemnified the insured, it was subrogated to all the insured's rights, including "the insured's right to recover the cost of prosecuting a declaratory action against an insurer declared to have wrongfully refused to provide a defense." *Id.* at 680.

In concluding that insureds are entitled to recover their costs when they succeed in establishing a contested duty to defend, we have not followed the approach taken by some other jurisdictions to require proof that the insurer wrongfully or in bad faith refused to defend. See *Hanover Ins. Co.* v. *Golden*, 436 Mass. at 586-587. Insofar as the decision of the Court of Special Appeals of Maryland rests on the wrongful conduct of the defendant insurer, it is distinguishable. But more generally, it appears that very few courts have followed the approach taken by the Maryland court.[4] Because we discern no good policy reason to expand, for insur-

real, because it was also insured by Zurich, and Zurich had both defended and covered the loss (i.e., the $75,000 paid in settlement of the Lagoa action).

[4]We are aware of only two other cases (outside of decisions of the Court of Special Appeals of Maryland) that consider directly the question of another insurer's right to recover fees. One of the cases reaches the same result as the Maryland court, and the other reaches the opposite result. Compare *Continental Cas. Co.* v. *General Acc. Fire & Life Assur. Corp.*, 179 F. Supp. 535, 537-538 (D. Or. 1960) (defendant insurer liable for attorney's fees incurred by plaintiff insurer in prosecuting declaratory judgment action to compel defendant to defend insured in tort suit), with *Farmers Auto. Ins. Ass'n* v. *Iowa Mut. Ins. Co.*, 77 Ill. App. 2d 172, 177 (1966) (plaintiff insurer prevailed in declaratory judgment action establishing that defendant insurer's policy provided primary coverage; plaintiff not entitled to recover fees for declaratory judgment action).

ers, the exception to the American Rule that the *Gamache* line of cases has established, we decline to follow the Maryland court's decision as well.[5]

*Judgment affirmed.*

---

[5]Zurich argues at some length that the judge's decision in this case requires reversal because the judge erroneously reasoned that *Preferred Mut. Ins. Co. v. Gamache*, 426 Mass. 93 (1997) (*Gamache*), and later cases all involved claims of private consumers against insurers, and that corporate insureds and their insurers were not entitled to recover attorney's fees. This appears to be a misreading of the judge's decision. Although the judge did mention "private consumers," we take the thrust of his decision to be that Zurich was the party that had incurred the attorney's fees; that Zurich and Worcester were both insurers involved in a business dispute with each other over Worcester's contribution obligation; and that the policy reasons for an exception to the American Rule in *Gamache* and later cases were inapplicable. As the discussion above indicates, we agree.