GORELICK vs. STAR MARKETS COMPANY, INC., 102 Mass. App. Ct. 219

 
 MAY GORELICK & another [Note 1] vs. STAR MARKETS COMPANY, INC., & others; [Note 2] STANLEY ACCESS TECHNOLOGIES, LLC, third-party defendant.

102 Mass. App. Ct. 219
 October 14, 2022 - January 20, 2023

Court Below: Superior Court, Middlesex County
Present: Rubin, Shin, & Ditkoff, JJ.

 

No. 22-P-2.

Contract, Construction of contract, Performance and breach. Insurance, Insurer's obligation to defend. Practice, Civil, Attorney's fees, Directed verdict.

At the trial of a civil action in which the defendant and third-party defendant separately defended the respective claims against them, the trial judge acted well within his discretion in declining to direct a verdict for the third-party defendant on the defendant's claim against the third-party defendant on the ground that the defendant had not moved to sever or bifurcate its cross claims and then chose not to present evidence of its defense costs at trial, where, even putting aside the impracticality of requiring a party to prove its defense costs while they were still accruing, the third-party defendant failed to mention that it had agreed -- before the defendant had rested its case -- that the sole factual issues the jury needed to decide were those pertaining to the plaintiffs' negligence claims and thus only the plaintiffs' claims were presented to the jury. [224]

In a civil action alleging negligence by the defendant supermarket and third-party defendant manufacturer and supplier of an automatic door alleged to have caused injury to the plaintiff, the third-party defendant was not obligated to defend the negligence claims against the defendant, where the so-called "in for one, in for all" rule that requires an insurer to defend all claims in a complaint brought against an insured if at least one claim falls within the scope of the insurer's duty to defend did not extend to the circumstances of the commercial contract between the defendant and the third-party defendant in which the third-party defendant was not an insurer and the purchase order was not an insurance policy, but rather the third-party defendant's duty to defend arose from a single, fine-print provision in a form purchase order and was limited to claims that arose out of or in connection with the third-party defendant's breach of one of its warranties, where neither the language of the purchase order nor the circumstances of the parties' transaction demonstrated an intent that the third-party defendant defend against claims unrelated to its breach of its own warranties, and where a 

 Page 220 

claim that the defendant was negligent in maintaining or inspecting the automatic door was not one that arose out of or was connected with a breach by the third-party defendant of its warranties that the door was free from defects and installed in a good workmanlike manner [224-226]; further, the American Rule barred recovery of the defendant's attorney's fees and costs incurred in its efforts to establish the third-party defendant's duty to defend the plaintiff's claims, in light of this court's conclusion that the third-party defendant was not obligated to defend the negligence claims against the defendant, i.e., the third-party defendant was not an insurer, there was no special relationship between the parties arising from an insurance policy, and the third-party defendant's assumption of a duty to defend was not a core purpose of the parties' transaction [226-227].

Civil action commenced in the Superior Court Department on April 8, 2014.

 The case was tried before Peter B. Krupp, J., and posttrial motions were heard by Bruce R. Henry, J., and judgment was entered by him.

 Christopher A. Duggan (Gerard A. Butler, Jr., also present) for Stanley Access Technologies, LLC.

 Thomas Hodgkins for Star Markets Company, Inc., & others.

 SHIN, J. At issue in this appeal is the scope of a duty to defend provision contained in a purchase order between defendant Shaw's Supermarkets, Inc., [Note 3] and third-party defendant Stanley Access Technologies, LLC (Stanley), a manufacturer and supplier of automatic doors. The underlying complaint asserted negligence claims against both Stanley and Shaw's, alleging that an automatic door installed by Stanley at a Shaw's store struck plaintiff May Gorelick, causing her to sustain severe injuries. The plaintiffs' theory at trial was that Stanley was negligent because it improperly installed the motion sensor on the automatic door and that Shaw's was negligent because it failed to conduct "a daily safety check" and preventative maintenance on the door. After Stanley and Shaw's separately defended the respective claims against them, a Superior Court jury returned a verdict in their favor. [Note 4]

 After extensive posttrial motion practice between Shaw's and Stanley on the issue of Stanley's duty to defend, a judge (motion judge) concluded that the purchase order obligated Stanley to 

 Page 221 

reimburse Shaw's for the costs Shaw's incurred in defending the plaintiffs' claims, even those that alleged independent acts of negligence committed by Shaw's. In so concluding, the motion judge imported from the insurance context the "in for one, in for all" rule that requires an insurer to defend all claims in a complaint brought against an insured if at least one claim falls within the scope of the insurer's duty to defend. The motion judge also concluded, again applying principles from the insurance context, that the purchase order required Stanley to reimburse Shaw's for the costs Shaw's incurred in establishing Stanley's duty to defend. These rulings ultimately resulted in a judgment awarding Shaw's $237,438.37 in attorney's fees and prejudgment interest, from which Stanley appeals. We reverse.

 Background. In 2009, Shaw's paid Stanley to install several sets of automatic doors at a store that Shaw's was opening in Chestnut Hill. The four-page purchase order -- which appears to be a form used by Supervalu, Inc., then the owner of Shaw's -- contained several warranties by the "Supplier" (i.e., Stanley), including that "all services shall be performed in a good workmanlike manner," that "all Goods delivered hereunder are free from defects in design, material and workmanship," and that "the Goods will be merchantable and suitable for the purposes intended." The purchase order also contained the following duty to defend provision:

"Supplier hereby indemnifies, defends and holds harmless SUPERVALU [and] its affiliates . . . from and against any and all claims, actions, fines, penalties, liabilities, damages, injuries, costs and expenses (including, without limitation, costs and expenses for investigation and litigation and reasonable attorneys' fees) which arise out of or in connection with Supplier or any of its employees', agents', subcontractors', or independent contractors' breach of any covenants, warranties or representations made herein."

In a separate document, Stanley provided a three-year warranty on parts and labor from the date of installation.

 May Gorelick's accident occurred in July 2012, within Stanley's three-year warranty period. The plaintiffs filed suit in April 2014, originally naming Shaw's as the only defendant and alleging that "[t]he dangerous and defective condition of the automatic door . . . was due to the carelessness and negligence of" Shaw's 

 Page 222 

and its agents. After Shaw's then filed a third-party complaint against Stanley, the plaintiffs amended their complaint to add Stanley as a defendant, alleging, among other things, that Stanley was negligent "with respect to the installation" of the automatic door. In answering the amended complaint, Shaw's raised several cross claims against Stanley, including, as relevant here, for breach of contract (count IV). [Note 5]

 At several points in 2014 and early 2015, Shaw's sent letters to Stanley purporting to tender the defense of the plaintiffs' claims to Stanley pursuant to the purchase order. When Stanley refused to assume the defense, Shaw's moved for summary judgment on count IV as it related to Stanley's duty to defend, arguing that the purchase order obligated Stanley to defend Shaw's against the entire lawsuit. Stanley countered that its duty to defend did not extend to claims that Shaw's itself was negligent in inspecting and maintaining the automatic door. In a June 2015 order, the motion judge rejected Stanley's argument and granted summary judgment for Shaw's "on the issue of Stanley's duty to defend," concluding that the allegations of the amended complaint triggered the duty to defend irrespective of "whether Shaw's itself may be found to be negligent."

 After several unsuccessful attempts by Shaw's to enforce the motion judge's June 2015 order, the case proceeded to trial in February 2016, at which Shaw's and Stanley were represented by separate counsel and presented separate defenses. During the charge conference, and before Shaw's had rested its case, the parties agreed that the only questions the jury needed to decide were those on the verdict slip, all pertaining to the plaintiffs' underlying negligence claims. Nonetheless, Stanley later moved for a directed verdict on count IV on the ground that Shaw's had presented no evidence of its defense costs. The trial judge (who was different from the motion judge) reserved decision on the motion and then instructed the jury that, per the parties' agreement, it was "sufficient for [the jury] to resolve the claims brought by the plaintiffs against each individual defendant" and that they "need not resolve any factual issues or answer any questions with regard to" the cross claims brought by Shaw's against Stanley. The jury proceeded to return a verdict that Stanley was not negligent and that, while Shaw's was negligent, its negligence 

 Page 223 

was not a substantial contributing factor to May Gorelick's injuries.

 Shaw's and Stanley then filed cross motions for judgment on count IV. In August 2017, the trial judge denied the motions and Stanley's motion for a directed verdict as premature, concluding that "[b]oth parties [were] entitled to a jury's determination on the issues of whether Stanley breached the Purchase Order, whether it caused Shaw's any damages, and if so how much damages should be awarded." The trial judge further noted that "Shaw's claim for indemnification of defense costs is contractually limited to those costs incurred in defense of claims that arise out of a breach by Stanley," and so Shaw's would "not be entitled to recover costs for defending against claims of its own negligence."

 Several months later, Shaw's sent Stanley its itemized legal bills and a letter claiming that Shaw's was "entitled to payment of all costs incurred in this matter." This prompted a flurry of motions and cross motions through which the parties sought to define the scope of Stanley's duty to defend. Relying on the trial judge's August 2017 order, Stanley argued that Shaw's could not recover expenses that were "unrelated to Shaw's defense of the [plaintiffs'] claim that Stanley was negligent." Conversely, relying on the motion judge's June 2015 order, Shaw's argued that it was entitled to recover all of its expenses because the purchase order was "analogous" to an insurance agreement and obligated Stanley to defend the entire suit under the "in for one, in for all" rule.

 These motions were all heard by the original motion judge. Relevant for our purposes, the motion judge concluded that the "in for one, in for all" rule required Stanley to pay for the defense of all of the plaintiffs' claims, even those that "arose from Shaw's conduct independent from Stanley's conduct," and that Stanley was also liable for the expenses that Shaw's incurred in establishing Stanley's duty to defend. This left as the sole remaining factual dispute "the reasonableness of the fees that were charged by Shaw's counsel." After Stanley waived a trial on that issue, Shaw's filed a motion seeking $127,826.04 in attorney's fees incurred in defending the plaintiffs' claims, $44,019.67 in attorney's fees incurred in establishing Stanley's duty to defend, and $65,592.66 in prejudgment interest. The motion judge awarded that amount "in view of the fact that Stanley [did] not contest the reasonableness of the hourly rates charged or of the total amount 

 Page 224 

of time spent." Judgment entered accordingly, and Stanley appealed.

 Discussion. 1. Denial of directed verdict. Before turning to the merits, we must address Stanley's argument that the trial judge erred by denying its motion for a directed verdict on count IV. We understand Stanley to be arguing that it was entitled to a directed verdict because Shaw's did not move to sever or bifurcate its cross claims and then chose not to present evidence of its defense costs at trial. But even putting aside the impracticality of requiring a party to prove its defense costs while they are still accruing, Stanley fails to mention that it agreed -- before Shaw's had rested its case -- that the sole factual issues the jury needed to decide were those pertaining to the plaintiffs' negligence claims. As the trial judge stated in his decision denying the motion, "[o]nly [the] plaintiffs' claims were presented to the jury." The trial judge was thus well within his discretion in declining to direct a verdict. See Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 159 (1999) (conduct of proceeding is matter within "sound discretion" of judge).

 2. "In for one, in for all" rule. The "in for one, in for all" rule, also known as the "'complete defense' rule," GMAC Mtge., LLC v. First Am. Title Ins. Co., 464 Mass. 733, 738 (2013), "requires that, where an insurer is obligated to defend an insured on one of the counts alleged against it, the insurer must defend the insured on all counts, including those that are not covered." Mount Vernon Fire Ins. Co. v. Visionaid, Inc., 477 Mass. 343, 351 (2017). Our appellate courts have not applied this rule outside the context of general liability insurance. In GMAC Mtge., LLC, supra at 740, for example, the court declined to extend the rule to title insurers because "of the limited purpose and scope of title as compared to general liability insurance"; in particular, unlike general liability insurance, "title insurance is not directed at future risks" but "at risks that are already in existence on the date the policy is issued" (citation omitted). Moreover, the court reasoned, the "central policy" of the rule -- "that parsing multiple claims is not feasible" -- is less of a concern in the title insurance context "because title issues are discrete" and "can be bifurcated fairly easily from related claims." Id. at 741. Cf. Deutsche Bank Nat'l Ass'n v. First Am. Title Ins. Co., 465 Mass. 741, 746 (2013) ("the broadly applied standard for determining whether a general liability insurer has a duty to defend is inapplicable in the context of title insurance").

 Page 225 

 There is even less justification for extending the "in for one, in for all" rule in the circumstances here. To start, Stanley is not an insurer, and the purchase order is not an insurance policy. While courts have sometimes applied insurance principles to commercial contracts, the same standards generally do not govern "indemnity and duty to defend provisions in the commercial and insurance contexts." Siebe, Inc. v. Louis M. Gerson Co., 74 Mass. App. Ct. 544, 556 (2009). See Johnson v. Modern Cont. Constr. Co., 49 Mass. App. Ct. 545, 548 (2000) ("We do not consider coverage questions under an insurance contract analogous to coverage under an indemnity provision of a construction contract"). Rather, we must examine "[t]he particular circumstances of the commercial transaction at issue" to determine whether it would be appropriate to apply insurance principles to a commercial contract. Siebe, Inc., supra.

 The matter before us concerns a simple transaction between Shaw's and Stanley for the purchase and installation of automatic doors. Stanley's duty to defend arises from a single, fine-print provision in a form purchase order and is limited to claims that "arise out of or in connection with" Stanley's breach of one of its warranties. We see no good reason, and it makes little sense, to extend the "in for one, in for all" rule to this context. Even more so than in the title insurance context, the duty to defend provision in the purchase order "is fundamentally different from general liability insurance." GMAC Mtge., LLC, 464 Mass. at 740. It is limited in scope and directed at risks "already in existence on the date" that Stanley installed the doors (citation omitted). Id. Furthermore, the rationale of the "in for one, in for all" rule is not implicated because it would not be "impractical" to "divid[e] representation between [the] covered and noncovered claims." Id. at 739. Shaw's does not allege that the case was defended in a coordinated way, and indeed, Shaw's and Stanley presented separate defenses at trial.

 Shaw's appears to have abandoned any reliance on the "in for one, in for all" rule on appeal. Instead, citing Shea v. Bay State Gas Co., 383 Mass. 218 (1981), an indemnification case, Shaw's suggests that Stanley's duty to defend extends to claims of negligence by Shaw's because the purchase order does not expressly say that such claims are not covered. Shea does not support this proposition. It holds, rather, that an indemnitee's concurrent negligence can be covered by an indemnification clause, even absent "an express reference in the contract," so long 

 Page 226 

as "the intent otherwise sufficiently appears from language and circumstances" (citation omitted). Id. at 222. Neither the language of the purchase order nor the circumstances of the parties' transaction demonstrate an intent that Stanley defend against claims unrelated to its breach of its own warranties.

 To the extent Shaw's argues that the language, "arise out of or in connection with," in the duty to defend provision is broad enough to encompass claims of negligence by Shaw's, we do not agree that the provision is reasonably susceptible to that reading. A claim that Shaw's was negligent in maintaining or inspecting the automatic door is not one that arises out of or is connected with a breach by Stanley of its warranties that the door was free from defects and installed in "a good workmanlike manner." A contrary reading would "threaten[] to sweep a whole host of uncontemplated risks into the ambit" of the provision. Deutsche Bank Nat'l Ass'n, 465 Mass. at 747. [Note 6]

 3. Expenses incurred to establish duty to defend. Massachusetts follows the American Rule governing attorney's fees, under which successful litigants are ordinarily responsible for paying their own attorney's fees and expenses absent an agreement, statute, or court rule to the contrary. See John T. Callahan & Sons, Inc. v. Worcester Ins. Co., 453 Mass. 447, 449 (2009). In Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 98 (1997) (Gamache), the court established an exception to the traditional rule, entitling "an insured under a homeowner's policy" to recover "reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the policy." The rationale for the exception is that a "special relationship" exists between an insured and its insurer arising from 

 Page 227 

the policy and "the assumption of responsibility for the insured's defense in litigation is one of the core purposes for which liability insurance is purchased." John T. Callahan & Sons, Inc., supra. The Supreme Judicial Court has since described the exception as a "limited" one, and so, even with respect to disputes between insurers and insureds, it "has strict limits." Id. See Wilkinson v. Citation Ins. Co., 447 Mass. 663, 669-675 (2006) (declining to extend exception to duty to indemnify cases).

 Given our conclusion that Stanley was not obligated to defend the negligence claims against Shaw's, the Gamache exception does not apply because Shaw's was not successful in establishing Stanley's duty to defend. See Gamache, 426 Mass. at 98. And to the extent Shaw's incurred expenses to establish that Stanley at least had a duty to defend claims of its own negligence, we still see no justification for applying the exception. Stanley is not an insurer, there is no "special relationship" between the parties arising from an insurance policy, and Stanley's assuming a duty to defend was not a "core purpose[]" of the parties' transaction. John T. Callahan & Sons, Inc., 453 Mass. at 449. The American Rule thus bars recovery.

 Conclusion. Shaw's is entitled to recover only those attorney's fees and costs that it incurred in defending the plaintiffs' claims that Stanley was negligent. At oral argument Shaw's asserted that some of its requested fees and costs fall into this category, and Stanley did not challenge that assertion, at least for purposes of this appeal. The judgment entered December 20, 2019, is therefore reversed, and the matter is remanded for further proceedings consistent with this opinion.

So ordered.

FOOTNOTES
[Note 1] Murray Gorelick. 

[Note 2] Shaw's Supermarkets, Inc., New Albertsons, Inc., and Stanley Access Technologies, LLC. 

[Note 3] For convenience we will refer to defendants Star Markets Company, Inc., Shaw's Supermarkets, Inc., and New Albertsons, Inc., together as "Shaw's," consistent with the parties' usage. 

[Note 4] The plaintiffs did not appeal. 

[Note 5] The remaining cross claims for contribution, indemnification, and breach of warranty were dismissed by agreement after the jury found Stanley not negligent. Those cross claims are not at issue on appeal. 

[Note 6] In Deutsche Bank Nat'l Ass'n, 465 Mass. at 746, the court held that, in contrast to general liability insurers, title insurers have no "duty to defend simply because the allegations in the underlying complaint are reasonably susceptible of an interpretation that they state or adumbrate a claim covered by the policy terms" (quotation and citation omitted). Instead, "a title insurer's duty to defend is triggered only where the policy specifically envisions the type of loss alleged." Id. at 747. Arguably, this holding abrogates parts of our decision in Siebe, Inc., 74 Mass. App. Ct. at 552-556, in which we suggested that the broad standard for determining a general liability insurer's duty to defend applied to a duty to defend provision in a commercial contract. But see id. at 556 ("we do not suggest as a general matter that the same standards apply to indemnity and duty to defend provisions in the commercial and insurance contexts"). We need not reach that question, however, because we conclude that no reasonable interpretation of the purchase order required Stanley to defend claims that Shaw's itself was negligent. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.